# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1934 | **DATE** | 7/23/2010 |
| **CASE TITLE** | LYDIA ROSSI v. UNITED STATES OF AMERICA | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [9] is granted. The case is dismissed with prejudice for failure to timely exhaust administrative remedies. Defendant's motion for leave to file *instanter* a reply in support of its motion to dismiss [16] is granted. The motion will not be heard as noticed on July 27, 2010. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiff Lydia Rossi, individually and as administrator for the estate of Bonnie Rossi, sues the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for negligence resulting in Bonnie Rossi's death. The government moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust mandatory administrative remedies.

Rule 12(b)(6) is the appropriate vehicle for addressing a plaintiff's failure to meet requirements that waive the government's sovereign immunity. *Wis. Valley Improvement Co. v. United States*, 569 F.3d 331, 333-34 (7th Cir. 2009); *contra Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989) (FTCA exhaustion a jurisdictional issue to be addressed under Rule 12(b)(1)). The court views the amended complaint in the light most favorable to Rossi, accepting all well-pleaded allegations as true and drawing all reasonable inferences in her favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2006). The amended complaint refers to "attached" exhibits that were not filed with the court. The relevant exhibits are attached to the parties' 12(b)(6) submissions. Because the exhibits are central to plaintiff's claim of administrative exhaustion, the court may consider them without converting the present motion to a summary judgment motion. *Rosenbloom v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

On April 26, 2006, Bonnie Rossi was a patient at a federally funded hospital in the Chicago area. The hospital's alleged failure to properly diagnose and treat her for cellulitis resulted in her death one week later. On April 18, 2008, plaintiff filed a medical malpractice suit in the Circuit Court of Cook County. The United States substituted itself for the hospital and treating physician and removed the case to federal court. *See Rossi v. St. Francis Hospital, et al.*, No. 08 C 5139 (Conlon, J.). This court dismissed the case on October

| | Courtroom Deputy Initials: | air |
|---|---|---|

23, 2008 because plaintiff had not exhausted the FTCA's administrative remedies. On December 23, 2008, plaintiff submitted documents to the appropriate federal agency purporting to provide notice that she was pursuing a claim against it. Two months later, plaintiff submitted claim forms seeking $20,000,000 in damages. The agency denied the claim as untimely. Plaintiff filed this case on March 26, 2010.

The FTCA is the exclusive remedy for most torts committed by federal employees. 28 U.S.C. § 2679. Before filing a lawsuit, a putative plaintiff must first present an administrative claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The claim must be presented within two years of accrual or it is "forever barred." 28 U.S.C. § 2401(b). Where, as here, a plaintiff mistakenly files a lawsuit before presenting a claim, the plaintiff has 60 days after the lawsuit's dismissal to submit a claim to the agency. 28 U.S.C. § 2679(d)(5). The administrative claim is deemed timely so long as the lawsuit itself was filed within two years of the claim's accrual. *Id.* The issue here is whether plaintiff complied with the 60-day deadline.

On December 23, 2008, plaintiff submitted medical documentation and a copy of her state court complaint to the appropriate federal agency. The government no longer disputes that this submission falls within § 2679(d)(5)'s 60-day window – although the dismissal order was dated October 23, 2008, it was not filed by the clerk's office until October 28. Even so, the government contends it is still entitled to dismissal because plaintiff's submitted documentation did not constitute a "claim" within the meaning of the FTCA.

Among other requirements, an FTCA claim must include a demand for money damages in a sum certain. 28 C.F.R. § 14.2(a); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). The sum certain requirement apprises the government of its possible liability and allows it to assess a claim's settlement value. *Christides v. Zuckerman*, No. 03 C 6319, 2004 WL 1005750, at *4-5 (N.D. Ill. May 4, 2004) (Pallmeyer, J.). Plaintiff admits that her December 2008 submission did not request money damages in a sum certain. Pl. Resp. at 6, 7, 10. She argues the omission is not fatal because it did not frustrate the settlement process. It is widely understood, however, that failure to comply with the sum certain requirement undermines the settlement process. *See, e.g., White-Squire v. U.S. Postal Service*, 592 F.3d 453, 459 (3d Cir. 2010); *Coska v. United States*, 114 F.3d 319, 322 (1st Cir. 1997); *Christides*, 2004 WL 1005750, at *3-5. Even if there is some degree of flexibility in the sum certain requirement, *Kanar*, 118 F.3d at 529, the government must be provided notice as to the claimant's approximate demand. *White-Squire*, 592 F.3d at 458-59; *Christides*, 2004 WL 1005750, at *3-5. Plaintiff's December 2008 submission did not place a "sum certain" value on her claim nor did it provide the government with even minimal notice of the damages claimed. Plaintiff did not properly present a claim until February 2009, when she submitted a Standard Form demanding $20,000,000 in damages. By this point, the 60-day deadline set forth in § 2679(d)(5) had expired. Because plaintiff failed to file a proper claim within the prescribed limitations period, her suit against the United States must be dismissed with prejudice. *Kanar*, 118 F.3d at 531.

*Suzanne B. Conlon*